THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY PELAYO,

Defendant-Petitioner,

v.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

CASE NO. C24-0815-JCC

ORDER

This matter comes before the Court on Defendant-Petitioner Anthony Pelayo's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1). Having thoroughly considered the motion and supplemental filings, the Government's answer, the record, and finding an evidentiary hearing unnecessary,[1] the Court DENIES the motion (Dkt. No. 1) as explained herein.

In 2021, Mr. Pelayo was convicted of drug and money laundering crimes, including Conspiracy to Distribute Controlled Substances (Count 1), as well as Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Count 11). *See United States of America v. Anthony Pelayo*, CR18-0217-JCC-3, Dkt. No. 857 (W.D. Wash. 2021). Following trial, and Mr. Pelayo's

[1] The Court "review[ed] the answer, any transcripts and records of prior proceedings, and any [supplemental] materials." Rule 8(a) of the Rules Governing Section § 2255 Cases in the United States District Courts. From this, it determined no evidentiary hearing warranted to dispose of Mr. Pelayo's motion.

unsuccessful Rule 29 motion, *id.*, Dkt. No. 874, the Court imposed the minimum mandatory sentence of 120 months for Count 1 and 60 months for Count 11, to run consecutively, for a total of 180 months. *Id.*, Dkt. No. 972.

In this collateral attack, Mr. Pelayo argues that 18 U.S.C. § 924(c)(1)(A) (for which the Count 11 "in furtherance" firearm conviction is based), as applied to the facts proven at trial, violates the Second Amendment and Due Process in light of intervening law, namely *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 24 (2022). (*See generally* Dkt. No. 2.) For this reason, says Mr. Pelayo, he is entitled to relief pursuant to 28 U.S.C. § 2255. (*See generally id.*) He asks the court to vacate the judgment on Count 11 and to resentence him without this firearm conviction. (*See generally id.*)

Mr. Pelayo's 2021 convictions are based on trial evidence establishing that Mr. Pelayo worked with others to import fentanyl into Washington, which they pressed into pill form (mixed with other substances) and distributed (directly and through redistributors) across the region. *See generally* CR18-0217-JCC-3, Dkt. No. 863 (Government's trial exhibits). They then laundered the proceeds into vehicles and real property (amongst other uses). *See generally id.* In support of this enterprise, Mr. Pelayo possessed a Kel-Tec 9mm handgun, recovered from his vehicle at the time of his arrest. *See generally id.*, Dkt. No. 874 (order denying Rule 29 motion as to Count 11). For this (and other crimes), the Court imposed the sentence(s) described above. *See id.*, Dkt. No. 972.

In now seeking § 2255 relief, Mr. Pelayo contends that the connection between his drug conspiracy conviction, when viewed through *Bruen's* Second Amendment analysis "sea change," is insufficiently connected with his firearm conviction (Count 11), such that the latter can no longer stand. (*See, e.g.*, Dkt. No. 2 at 2–3) (citing *United States v. Duarte*, 101 F.4th 657, 665 (9th Cir. 2024), *reh'g en banc granted*, *opinion vacated*, 108 F.4th 786 (9th Cir. 2024), *and on reh'g en banc*, 137 F.4th 743 (9th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 556 (2026)).

A prisoner in federal custody may indeed petition the sentencing court to vacate a

conviction or set it aside if it violates the Constitution or federal law. S*ee* 28 U.S.C. § 2255(a). A "collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973).[2]

Mr. Pelayo's argument in support of § 2555 relief is fairly simple: post-*Bruen*, the connection between the conduct at issue in Count 1 is too attenuated from his use of the firearm (supporting Count 11) to establish the requisite "in furtherance" requirement under 18 U.S.C. § 924(c). (*See generally* Dkt. No. 2.). This is ostensibly, a repackaging of Mr. Pelayo's Rule 29 argument, *see* CR18-0217-JCC-3, Dkt. No. 865, with *Bruen* as the catalyst for a different result, based on its requirement that the Government provide an historic analogue to the instant crime.

In *Bruen*, the Supreme Court articulated a new two-part test to assess whether a law impinges on firearm rights. *See* 597 U.S. at 17. As the Ninth Circuit Court later explained, <u>the first step</u> is for the court to determine if the person whose rights are at issue is "part of 'the people' whom the Second Amendment protects," *i.e.*, "whether the weapon is in common use today for self-defense, and whether the proposed course of conduct falls within the Second Amendment." *United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) (internal citations and quotation marks omitted). If so, <u>the second step</u> is for the court to assess whether the government can "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* (internal citations and quotation marks omitted). "Thus, to carry its burden, the government must produce representative analogues to demonstrate that the challenged law is consistent with a historical tradition of regulation." *Id.*

According to Mr. Pelayo, because the crime of conspiracy "is a modern invention and nothing similar existed at the time the Second Amendment was adopted, the Government cannot

---

[2] When presented with a § 2255 motion, the Court must order the Government to answer if it and the files and records of the case do not "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) Such was the case here, so the Court directed service on the Government, (*see* Dkt. No. 6), who lodged its brief in response (Dkt. No. 23).

meet its burden." (Dkt. No. 2 at 10.)

The Government, in opposing Mr. Pelayo's motion, makes the following arguments: (1) because Mr. Pelayo never raised this issue on appeal, it's procedurally defaulted; (2) Mr. Pelayo fails *Bruen's* first step because conspiring to distribute controlled substances is not within the Second Amendment's protected course of conduct; (3) if this Court were to reach *Bruen's* second step, § 924(c) "fits comfortably within the historical precedents of gun protection in this country;" and (4) because the statute provided Mr. Pelayo with fair notice that it was unlawful to possess a firearm in furtherance of his drug crime(s), there is no Due Process violation here. (*See generally* Dkt. No. 23.) The Court agrees with the Government on each of these points.

First, on the procedural default issue, indeed, the general rule is that issues not raised on direct appeal are generally not cognizable in § 2255 motions. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985). Thus, Mr. Pelayo must demonstrate "'both cause excusing his procedural default, and actual prejudice.'" *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (quoting *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)). He fails to demonstrate cause. Mr. Pelayo filed his notice of appeal the same day that judgment was entered in the criminal case. *See* CR18-0217-JCC-3, Dkt. No. 973. And despite the unsuccessful Rule 29 motion challenging Count 11, he did not raise the issue again to the Ninth Circuit. *See Pelayo*, Ninth Circuit Court of Appeals, Case No. 21-30249, Dkt. No. 12 (opening brief). Perhaps, this is unsurprising, given how weak this Court found the same argument to be at the time of the Rule 29 motion. *See generally id.*, Dkt. No. 874. But, if *Bruen* were really the "'sea change'" Mr. Pelayo now purports it to be, (*see* Dkt. No. 2 at 3) (quoting *Duarte*, 101 F.4th at 665), surely he would have supplemented his Ninth Circuit argument with this development. Indeed, *Bruen* issued only 8 days *after* Mr. Pelayo lodged his opening brief on appeal and nearly 12 months *before* the Ninth Circuit heard oral argument on that appeal. *See United States v. Pelayo*, 2023 WL 4858147, slip op. (9th Cir. 2023). Yet he never supplemented for this issue. For this reason, the Court finds a procedural

default. Nevertheless, to establish a full record, it will address the Government's other arguments.

Second, the right to keep and bear arms only attaches to those arms used for "lawful purposes." *United States v. Underwood*, 129 F.4th 912, 929 (6th Cir. 2025), *cert. denied*, 146 S. Ct. 269 (2025); *see also United States v. Serrano*, 651 F. Supp. 3d 1192, 1209 (S.D. Cal. 2023), *aff'd*, 2025 WL 3765499 (9th Cir. Dec. 30, 2025) (distinguishing Second Amendment rights of "law-abiding citizens from [those of] non-law abiding citizens"). At its core, there is no Second Amendment right to possess a firearm in support of a conspiracy to distribute illicit substances. And as previously discussed, *see* CR18-0217-JCC-3, Dkt. No. 874, the Government presented substantial evidence at trial that the conspiracy here (and Mr. Pelayo's perceived need to arm himself in furtherance of it) continued to the point of his arrest. While *Bruen* is admittedly a fairly recent decision, none of Mr. Pelayo's numerous filings in this matter include citation to a single case (pre or post-*Bruen*) suggesting that *Bruen* fundamentally changed this dynamic. (*See* Dkt. Nos. 1, 2, 18, 21, 22, 24.) The Court will not be the first to find otherwise.

Third, the Government provides ample support for the notion that 18 U.S.C. § 924(c), whether that be facially or as applied to the conspiracy here, is consistent with historical traditions of firearm regulation. Representative analogues include "'eighteenth and nineteenth centur[y]'" laws which increased penalties for "'us[ing] a weapon during the commission of a crime.'" (Dkt. No. 23 at 11) (quoting *United States v. Risner*, 129 F.4th 361, 368 (6th Cir. 2025)). They also include the "'common law tradition [that] carries over to the United States from England'" prohibiting arms when used "'in furtherance of dangerous or terrifying ends.'" (*Id.* at 12) (quoting *Underwood*, 129 F.4th at 929). For this reason, Mr. Pelayo's motion is also meritless.

Fourth and finally, there is nothing to Mr. Pelayo's Due Process argument. He suggests that, because he was not prohibited from possessing a firearm for lawful purposes (*i.e.*, his possession rights had been restored by the time of his arrest here), 18 U.S.C. § 924(c) as applied

here is a Due Process violation. (*See* Dkt. Nos. 2 at 22–24, 2-2 at 2–5.) But it is black letter law that the Fifth Amendment only requires "fair notice of the conduct it punishes." *Johnson v. United States*, 576 U.S. 591, 595 (2015). And the federal criminal code clearly prohibits (and enhances penalties) for the use of a firearm in furtherance of certain crimes. *See* 18 U.S.C. § 924(c); *see United States v. Hungerford*, 465 F.3d 1113, 1117 (9th Cir. 2006) (finding the "terms" of § 924(c) "readily understandable"). Here, the Government proved beyond a reasonable doubt Mr. Pelayo conspired to distribute controlled substances and that he possessed a firearm "in furtherance" of that crime. *See* CR18-0217-JCC-3, Dkt. No. 857 (jury verdict form). Thus, it is not a Due Process violation to criminalize his possession of the firearm when in support of that conduct.

For the foregoing reasons, the Court DENIES Mr. Pelayo's motion to vacate, set aside, or correct his sentence (Dkt. No. 1).

DATED this 12th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE